IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JASON MYERS, and <br> MICHELLE MYERS, <br><br> Plaintiffs, <br><br> VS. <br><br> WAL-MART STORES EAST, L.P., <br><br> Defendant. | No.  3:14-cv-00394 <br> Judge Nixon <br> Magistrate Judge Griffin |

## CASE MANAGEMENT ORDER

### I. Jurisdiction and Venue

The parties submit that the Court's jurisdiction in this case is predicated on Title 28 U.S.C. § 1332.

### II. Parties' Theories of the Case

**1. Plaintiff's Theory of the Case**

On May 4, 2013, Jason Myers was a customer at the Wal-Mart located at 7044 Charlotte Pike, Nashville, Tennessee 37076. At approximately 3:15 p.m., he was walking in the grocery department near a free standing floor cooler. As he was walking, he slipped and fell on a substance believed to be yogurt. As a result of the fall, Mr. Myers experienced an immediate onset of pain in his left knee and low back.

Upon information and belief, a cup of yogurt was dropped on the floor by a customer. The substance remained on the floor for at least five to ten minutes, an amount of time sufficient for agents/employees of Wal-Mart to clean the yogurt off of the floor. Alternatively, the yogurt remained

on the floor for a period of time sufficient to place the agents/ employees of Wal-Mart on notice of its presence, something they had a duty to either remedy and/or warn Mr. Myers of.

Upon information and belief, a video taken by Wal-Mart shows the yogurt on the floor. A Wal-Mart sales associate stood right next to the area where the yogurt was spilled. The sales associate either knew or should have known of the presence of the dangerous and defective condition and should have either cleaned it or warned of it.

Wal-Mart was negligent in failing to either have and/or implement a proper system in place regarding the clean-up of spills. Had Wal-Mart had a routine, regular and sufficient maintenance policy in effect, they would have or should have known of the dangerous and defective condition with sufficient time to remedy or warn of same, thereby avoiding Mr. Myers' fall.

Upon information and belief, there are monitors observing the area where Mr. Myers fell. These are capable of being viewed in "real-time." Wal-Mart, by and through its agents, failed to properly monitor the area where Mr. Myers fell. Had they done so, they would or should have known of the dangerous and defective condition with sufficient time to remedy or warn of same, thereby avoiding Mr. Myers' fall.

Defendant Wal-Mart, by and through its employees, had actual and/or constructive notice that a hazardous condition existed on the floor in the grocery department where Mr. Myers fell, namely an area of spilled food and spilled food residue. They failed to warn of same before Plaintiff Jason Myers fell, and they failed to remedy, remove, repair or use other additional and reasonable safeguards to protect Mr. Myers. All of the above constitutes a breach of a duty owed to Mr. Myers. As a proximate result of this breach, and the negligent conduct of Wal-Mart, Jason Myers has suffered significant personal injury.

## 2. Defendant's Theory of the Case

Wal-Mart denies that it breached its duty of care to plaintiff. It is admitted that plaintiff reported an alleged slip and fall accident on May 4, 2013 at the Wal-Mart store located at 7044 Charlotte Pike, Nashville, Tennessee. Wal-Mart asserts that plaintiff Jason Myers was negligent by failing to exercise reasonable care for his own safety by failing to see that which was there to be seen; failing to avoid the alleged slip and fall accident; and inattention. Plaintiff's comparative negligence equals or exceeds 50% thereby barring plaintiff from recovery. Alternatively, in accordance with Tennessee's doctrine of modified comparative negligence, the jury should apportion negligence between the parties according to their respective negligence and reduce plaintiff's judgment, if any, proportionately by plaintiff's comparative negligence.

### III. Schedule of Pretrial Proceedings

### A. Rule 26(a)(1) Disclosure

The parties shall make their Rule 26(a)(1)(A) through (E) disclosures within (30) days from the date of the initial case management conference.

### B. Meeting of Counsel and Parties to Discuss Settlement Prospects

By December 15, 2014, counsel are required to have a face-to-face meeting to discuss whether this case can be resolved without further discovery proceedings.

After the meeting is conducted, counsel shall prepare a report and file it with the court reflecting that the parties met and that the parties made a good faith effort to evaluate the resolution of this case. This report should also include whether the parties believe that one of the Alternative

Dispute Resolution ("ADR") procedures under the Local Rules would further assist the parties in resolving this matter.

## C. Other Pretrial Discovery Matters

As determined at the case management conference of **Monday, March 31, 2014**, this action is set for a jury trial on September 15, 2015_____.

A pretrial conference shall be held on September 4, 2015, at 10:00 a.m.

_____ at _____ .m

All fact and party depositions shall be completed on or before **December 1, 2014**. All discovery related motions shall be filed on or before January 30, 2015. No motions related ~~December 1, 2014-February 1, 2015~~ to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved.

All dispositive motions shall be filed on or before **April 1, 2015** and any response thereto shall be filed on or before 30 days after the filing of the Motion. Any reply shall be filed on or before 14 days after the filing of the Response. There shall be no stay of discovery pending disposition of any motions. The deadline for filing Motions to Amend the Pleadings is **August ~~17~~ 18, 2014.**

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to sixty (60) such interrogatories. Subparts of a question shall be counted as additional questions for purposes of the overall number. In all other respects, Rule 33.01, Local Rules of Court shall govern.

On or before **January 2, 2015**, the plaintiff shall declare to the defendant (not to file with the Court) the identity of his expert witnesses and provide all the information specified in Rule 26(a)(2)(B)and(C).

On or before **March 2, 2015**, the defendant shall declare to the plaintiff (not to file with the Court) the identity of its expert witnesses and provide all the information specified in Rule 26(a)(2)(B)and(C).

Any supplements to expert reports shall be served by **April 2, 2015**.

All expert depositions and medical proof depositions shall be completed by **June 2, 2015**.

There shall not be any rebuttal expert witnesses.

It is so **ORDERED**.

**ENTERED** this the \_\_\_\_ day of March, 2014.

_____
Magistrate Judge Juliet Griffin

**APPROVED FOR ENTRY:**

s/ David J. Weissman by Greg Callaway with
express permission granted on 3-26-14 at 3:00 p.m. via email
David J. Weissman, No. 25188
Hollins, Raybin & Weissman, P.C.
Fifth Third Center
424 Church Street, Suite 2200
Nashville, TN 37219
615/256-6666
Attorney for Plaintiffs

s/ Greg Callaway
Greg Callaway, No. 18575
Howell & Fisher
300 James Robertson Parkway
Nashville, TN 37201-1107
615/244-3370
Attorney for Wal-Mart Stores East, L.P.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via ECF upon David J. Weissman, Fifth Third Center, 424 Church Street, Suite 2200, Nashville, TN 37219; on this 27th day of March, 2014.

s/ Greg Callaway

F:\GWC\Myers.Jason\case management order.wpd